UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:12-CR-276-SDJ |
| | § | |
| MARANDA NICHOLE FOURNIER | § | |
| (4) | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Maranda Nichole Fournier's Motion for Emergency Compassionate Release, (Dkt. #161). The Government filed a response in opposition, (Dkt. #166), to which Fournier filed a reply, (Dkt. #168). The Court, having considered the motion, the subsequent briefing, and the applicable law, concludes that the motion must be **DISMISSED for lack of jurisdiction**.

### I. BACKGROUND

Fournier pleaded guilty to one count of conspiracy to manufacture, distribute, or possess with intent to manufacture or distribute 28 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(b)(1)(B) and 846. She was sentenced to 151 months' imprisonment and is currently confined at the Bureau of Prison's ("BOP") FMC Carswell facility in Fort Worth, Texas.

Relying on 18 U.S.C. § 3582(c)(1)(A)(i), Fournier now requests that the Court reduce her sentence to time served. Fournier argues that risks to her health associated with the COVID-19 pandemic present "extraordinary and compelling reasons" justifying her release under the statute. Specifically, Fournier argues that she is at a greater risk of serious health complications should she contract COVID-19

1

because she has already been infected with the virus once and she has underlying medical conditions that place her at higher risk of COVID-19 complications. Fournier also argues that a sentence reduction is warranted because Fournier's twelve-year-old daughter currently resides with a grandmother and aunt and "needs a parent during this time of COVID-19." (Dkt. #161 at 2).

Fournier submitted a request to the warden of her facility requesting that the BOP seek a sentence reduction on her behalf based on her COVID-19 concerns. The warden denied Fournier's request on August 8, 2020. On September 23, 2020, Fournier filed her compassionate-release motion in this Court.

## II. DISCUSSION

A judgment of conviction imposing a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824, 130 S.Ct. 2683, 177 L.Ed.2d 271 (2010) (quoting 18 U.S.C. § 3582(b)); *see also* 18 U.S.C. § 3582(c). One such circumstance, invoked by Fournier, arises from 18 U.S.C. § 3582(c)(1)(A)(i), which authorizes a district court to reduce a term of imprisonment when "extraordinary and compelling reasons" for a reduction exist that are "consistent with applicable policy statements issued by the Sentencing Commission," and other procedural and substantive requirements are met. 18 U.S.C. § 3582(c)(1)(A).

Though Fournier has met the statute's exhaustion requirement, she has not met the statute's requirement that "extraordinary and compelling reasons" exist

"consistent with applicable policy statements issued by the Sentencing Commission." Fournier's motion must therefore be dismissed for lack of jurisdiction.

### A. Fournier Has Met Section 3582(c)(1)(A)'s Exhaustion Requirement.

Fournier's compassionate-release motion may be considered only if she first meets Section 3582(c)(1)(A)'s exhaustion requirement. The statute provides that a court may not consider any modification to a defendant's sentence under Section 3582(c)(1)(A)(i) unless a motion for such a modification is properly made by the Director of the BOP or by a defendant who has fully exhausted his or her administrative remedies. 18 U.S.C. § 3582(c)(1)(A). While the Director of the BOP may request a sentence reduction in court at any time, a defendant may only do so after filing a request with the BOP and fully exhausting her administrative rights to appeal a denial or waiting thirty days following the BOP's receipt of her request. *Id.*[1]

Fournier submitted a request to her warden expressing her concerns and asking that the BOP file a motion on her behalf. The BOP denied Fournier's request on August 8, 2020, and Fournier filed her current motion on September 23, 2020. Accordingly, Fournier has met the statute's exhaustion requirement.

---

[1] In 2018, Congress passed the First Step Act, Pub. L. 115-391, 132 Stat. 5194, which, among other things, amended 18 U.S.C. § 3582(c)(1)(A) to permit a defendant, in addition to the Director of the BOP, to move for a sentence reduction.

**B. Fournier Has Not Met Section 3582(c)(1)(A)'s Requirements for Sentence Modification.**

    **1. Fournier must meet Section 3582(c)(1)(A)'s requirement that "extraordinary and compelling reasons" exist "consistent with applicable policy statements issued by the Sentencing Commission," warranting a reduction of her sentence.**

Under Section 3582(c)(1)(A)(i), a district court may grant a sentence reduction if it finds that (1) "extraordinary and compelling reasons warrant such a reduction," (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and (3) such a reduction is appropriate "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A).

Congress did not define what constitute "extraordinary and compelling reasons" for a sentence reduction under Section 3582(c)(1)(A), but rather delegated that authority to the Sentencing Commission. In 28 U.S.C. § 994(a)(2), Congress granted the Commission broad authority to promulgate "general policy statements regarding application of the guidelines or any other aspect of sentencing or sentence implementation that in the view of the Commission would further the purposes set forth in [18 U.S.C. § 3553(a)(2)]." And, as particularly relevant here, in 28 U.S.C. § 994(t), "Congress instructed the Commission to 'describe what should be considered extraordinary and compelling reasons for sentence reduction [under Section 3582(c)(1)(A)], including the criteria to be applied and a list of specific examples.'" *United States v. Garcia*, 655 F.3d 426, 435 (5th Cir. 2011) (quoting 28 U.S.C. § 994(t)).

4

The Commission's policy statements, issued under 28 U.S.C. § 994(t), are binding concerning what should be considered extraordinary and compelling reasons for sentence reduction under 18 U.S.C. § 3582(c)(1)(A). As the Fifth Circuit has explained, "a common sense reading" of Section 3582(c)(1)(A)'s phrase that a sentence reduction must be "consistent with applicable policy statements issued by the Sentencing Commission," is that, "regardless of whether Congress wanted [the Commission's] policy statements to be binding in the sentencing context, it wished them to be binding in § 3582(c) proceedings." *Id.* "If a sentence reduction is inconsistent with a policy statement, it would violate § 3582(c)'s directive, so policy statements must be binding." *Id.*; *see also Dillon*, 560 U.S. at 827 (explaining that the Commission's pertinent policy statements are binding on courts where 18 U.S.C. § 3582(c)(2)—using the same language as Section 3582(c)(1)(A)—permits a sentencing reduction based on a retroactive guidelines amendment only if "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission").

Thus, Fournier cannot obtain a sentence reduction under Section 3582(c)(1)(A) merely by asserting reasons that she, or for that matter this Court, might believe are sufficiently "extraordinary and compelling" to justify a sentence reduction. Instead, under the plain text of 18 U.S.C. § 3582(c)(1)(A) and 28 U.S.C. § 994(t), as well as controlling precedent, Fournier's proffered reasons must be consistent with the Sentencing Commission's applicable policy statement concerning what should be

considered extraordinary and compelling reasons for a sentence reduction under Section 3582(c)(1)(A).

### 2. Fournier fails to satisfy Section 3582(c)(1)(A) because her alleged "extraordinary and compelling reasons" for a sentence reduction are not "consistent with applicable policy statements issued by the Sentencing Commission."

Fournier's compassionate-release motion turns on her assertion that the risks to her health associated with COVID-19 and her daughter's living with extended family constitute extraordinary and compelling reasons to reduce her sentence. Fournier's assertions fail because they are untethered to the Sentencing Commission's binding applicable policy statement in Section 1B1.13 of the Sentencing Guidelines. Section 1B1.13 describes what are considered "extraordinary and compelling reasons" for a sentence reduction under Section 3582(c)(1)(A)(i) and provides no basis for a reduction based on a child's living with extended family or a defendant's health risks associated with the threat of COVID-19.

Section 1B1.13 allows a sentence reduction for "extraordinary and compelling reasons" only if the reasons are "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3).[2] Application note 1 to the policy statement explains that "extraordinary and compelling reasons exist under any of the circumstances set forth below," which include only: (a) a defendant suffering from a terminal illness or other

---

[2] The policy statement is binding under the express terms of Section 3582(c)(1)(A), and because it concerns only possible sentence reductions, not increases, it is not subject to the rule of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). *See Dillon*, 560 U.S. at 824–28 (rejecting the proposed application of *Booker* in the related context of a proceeding under Section 3582(c)(2)); *United States v. Doublin*, 572 F.3d 235, 237–39 (5th Cir. 2009) (rejecting application of *Booker* to sentence reductions under 18 U.S.C. § 3582).

medical condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; (b) a defendant at least 65 years old who "is experiencing a serious deterioration in physical or mental health because of the aging process" and "has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less"; (c) a defendant who has minor children without a caregiver or with an incapacitated spouse or partner who needs the defendant to be the caregiver; or (d) "[a]s determined by the Director of the Bureau of Prisons, . . . an extraordinary and compelling reason other than, or in combination with, the [above] reasons." *Id*. cmt. n.1(A)–(D).

Consistent with the application note, the BOP has issued Program Statement 5050.50 ("PS 5050.50"), which describes the BOP's consideration of compassionate-release requests. PS 5050.50, which was amended effective January 17, 2019, following the passage of the First Step Act, sets forth in detail the BOP's definition of circumstances that may support a request for compassionate release, limited to the same bases identified by the Commission: serious medical conditions, advanced age, and family circumstances.[3] *See* PS 5050.50 ¶¶ 3–6.

Neither the Commission's policy statement nor PS 5050.50 provide a basis for compassionate release based on Fournier's concerns about her daughter's living with

---

[3] PS 5050.50 also requires consideration of a list of nonexclusive factors: "the defendant's criminal and personal history, nature of his offense, disciplinary infractions, length of sentence and amount of time served, current age and age at the time of offense and sentencing, release plans, and '[w]hether release would minimize the severity of the offense.'" *United States v. Saldana*, 807 F.App'x 816, 819 (10th Cir. 2020) (quoting PS 5050.50 ¶ 7).

7

extended family. The guidelines do allow the possibility of a sentence reduction when a defendant's minor children have no caregiver, but Fournier does not claim that this is the case here. Fournier acknowledges that her daughter is living with a grandmother, aunt, and aunt's husband, and that these family members are acting as the child's caregivers. Nevertheless, Fournier argues that her daughter should live with a parent in light of the hardships created by the COVID-19 public-health crisis. Because Fournier's asserted reason for a sentence reduction is not consistent with the Sentencing Commission's applicable policy statement, it cannot serve as grounds for the compassionate release she requests.

Likewise, Fournier's concerns about the risks to her health should she contract COVID-19 a second time do not fall within the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's applicable policy statement. Instead, the grounds for release are limited to individual circumstances involving health, age, family responsibilities, and other reasons as determined by the Director of the BOP. For this reason, courts have concluded that an inmate's concerns about risks associated with the spread of COVID-19 are not consistent with the policy statement of the Commission as required by Section 3582(c)(1)(A). *See, e.g.*, *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (explaining that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread"). And, to the extent that

Fournier argues that she meets Section 1B1.13's requirements because the risks associated with the spread of COVID-19, coupled with her existing medical conditions, constitute a medical condition that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which . . . she is not expected to recover," Fournier has presented no evidence that this is the case. At most, Fournier asserts that this *could* become the case *if* she contracts COVID-19 again and *if* the virus causes her severe and lasting medical problems. Section 1B1.13's plain terms, however, apply only to *current* medical conditions that are *presently* affecting a defendant's ability to provide self-care. On their face, Fournier's assertions fall outside the scope of Section 1B1.13's text.

Because Fournier's compassionate-release motion seeks a sentence reduction based on alleged "extraordinary and compelling reasons" that are not "consistent with applicable policy statements issued by the Sentencing Commission," she fails to meet the requirements of Section 3582(c)(1)(A)(i).[4]

### 3. The First Step Act did not alter the substantive criteria for compassionate release under Section 3582(c)(1)(A).

Following the enactment of the First Step Act, the Sentencing Commission's policy statements have not been updated. The result has been that courts across the country have been divided on the question of whether Section 1B1.13 and its application notes still apply to the "extraordinary and compelling reasons" determination under 18 U.S.C. § 3582(c)(1)(A).

---

[4] Given Fournier's failure to meet Section 3582(c)(1)(A)'s requirements, the Court need not address whether the applicable 18 U.S.C. § 3553(a) factors support a sentence reduction.

Among circuit courts, the Tenth Circuit first considered the issue when it addressed whether "post-sentencing developments in case law" might constitute an extraordinary and compelling reason under Section 3582(c)(1)(A). *See United States v. Saldana*, 807 F.App'x 816, 818–20 (10th Cir. 2020). Rejecting that argument, the Tenth Circuit held that "neither the § 1B1.13 commentary nor BOP Program Statement 5050.50 identify post-sentencing developments in case law as an 'extraordinary and compelling reason' warranting a sentence reduction." *Id*. at 820. Consistent with *Saldana*, the Tenth Circuit has continued to look to Section 1B1.13 as binding guidance to determine what constitute extraordinary and compelling reasons under Section 3582(c)(1)(A). *See United States v. Pinson*, __ F.App'x __, 2020 WL 7053771, at *3 (10th Cir. Dec. 2, 2020) (acknowledging that the application notes to Section 1B1.13 still contain the applicable policy statement governing compassionate-release motions); *United States v. Sears*, __ F.App'x __, 2020 WL 7090503, at *2 n.3 (10th Cir. Dec. 4, 2020) (same).

Other courts, including this Court, have reached the same conclusion as the *Saldana* court; *i.e.*, that while the First Step Act expanded prisoners' access to the courts to file compassionate-release motions under Section 3582(c)(1)(A), it did not alter the substantive standards governing such motions. *See, e.g.*, *United States v. Dodd*, 471 F.Supp.3d 750, 757–58 (E.D. Tex. 2020) ("The fact that Congress's change to section 3582's procedural mechanism necessarily overrides a Sentencing Commission policy statement concerning the same procedural mechanism cannot be translated into congressional intent to alter the statute's provisions governing the

merits of compassionate-release motions."); *United States v. Lynn*, No. 89-72, 2019 WL 3805349, at *4 (S.D. Ala. Aug. 13, 2019) (explaining that "there is no . . . inherent incompatibility between a statute allowing defendants to move for compassionate release and a policy statement allowing BOP a role in determining whether compassionate release is warranted, and thus no basis for deeming the policy statement [in section 1B1.13] overridden"); *United States v. Ebbers*, 432 F.Supp.3d 421, 427 (S.D.N.Y. 2020) ("Congress in fact only expanded access to the courts; it did not change the standard.").

Although the Fifth Circuit has not addressed this issue in a published opinion, it has recently issued at least one decision that, consistent with *Saldana*, treated Section 1B1.13 as the Sentencing Commission's "applicable" policy statement for a Section 3582(c)(1)(A) motion. *See generally United States v. Bell*, 823 F.App'x 283 (5th Cir. 2020) (per curiam). In *Bell*, the defendant sought to appeal the denial of his compassionate-release motion under 18 U.S.C. § 3582(c)(1)(A) on the grounds that his sentence was "unduly long and [that] his guilty plea was not knowing and voluntary." *Id.* at 284. The Fifth Circuit dismissed the appeal as frivolous because the defendant's stated grounds for release were not any of the grounds contained in the commentary to Section 1B1.3, and, therefore, the stated grounds were inconsistent with the policy statements of the Sentencing Commission as required by the statute. *Id.* While the court did not address the issue of whether the First Step Act changed the binding nature of the sentencing guidelines, Section 1B1.13 must be binding because the defendant's attempt to depart from the guidelines would not have been

11

deemed frivolous otherwise. *See also United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020) (discussing the First Step Act's procedural changes to Section 3582(c)(1)(A) and affirming the district court's denial of compassionate release, which applied Section 1B1.13's policy statement describing when extraordinary and compelling reasons exist for the purpose of sentence modification).

The Court notes, however, that several circuits, beginning with the Second Circuit, have reached a different conclusion. In *United States v. Brooker*, 976 F.3d 228 (2d Cir. 2020), the Second Circuit held that, because the First Step Act allows inmates, as well as the BOP, to file compassionate-release motions under Section 3582(c)(1)(A), Section 1B1.13 now applies *only* when such motions are made by the BOP and is inapplicable when a compassionate-release motion is made by a defendant. *Id.* at 235–36. The Fourth, Sixth, and Seventh Circuits have agreed, largely or entirely, with the Second Circuit's conclusion. *See United States v. McCoy*, 981 F.3d 271, 282 (4th Cir. 2020) (holding that "[a] sentence reduction brought about by motion of a defendant, rather than the BOP, is not a reduction 'under this policy statement,'" *i.e.*, under Section 1B1.13, and therefore Section 1B1.13 is not "applicable" to such motions); *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020) (agreeing with *Brooker* and holding that there is no "applicable" policy statement for Section 3582(c)(1)(A) motions after the First Step Act); *United States v. Jones*, 980 F.3d 1098, 1109 (6th Cir. 2020) (agreeing with *Brooker* and holding that, "[u]ntil the Sentencing Commission updates § 1B1.13 to reflect the First Step Act, district courts have full discretion in the interim to determine whether an

'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion").

This Court remains persuaded that Section 1B1.13's substantive provisions apply to Section 3582(c)(1)(A) motions. The Court's conclusion is driven by the fact that, through the First Step Act, Congress amended procedural provisions of Section 3582(c)(1)(A), but left unamended the substantive criteria applicable to Section 3582(c)(1)(A) motions. *See United States v. Conyers*, No. 4:12-CR-016-SDJ, 2020 WL 7480695, at *4–7 (E.D. Tex. Dec. 18, 2020). The First Step Act left unchanged two critical statutory commands vesting the Commission, not the courts, with authority to set the applicable standard for "extraordinary and compelling reasons" warranting a sentence reduction. First, any sentence reduction under Section 3582(c)(1)(A) must still be "consistent with applicable policy statements issued by the Sentencing Commission." Second, "[t]he [Sentencing] Commission, in promulgating general policy statements regarding the sentencing modification provisions in Section 3582(c)(1)(A) of Title 18, *shall describe what should be considered extraordinary and compelling reasons for sentence reduction*, including the criteria to be applied and a list of specific examples." 28 U.S.C. 994(t) (emphasis added).

Under the circumstances, the Court cannot conclude that the First Step Act's *procedural* modification to Section 3582(c)(1)(A), allowing inmates as well as the BOP to file compassionate-release motions, somehow renders "inapplicable" the Commission's policy statement on the *substantive* requirements governing such motions. *See Conyers*, 2020 WL 7480695, at *4–7. Section 1B1.13's provisions

concerning "extraordinary and compelling reasons" for a sentence reduction are, on their face, procedurally neutral. The Court can discern no principled reason to treat a purely procedural expansion of Section 3582(c)(1)(A) as somehow nullifying Section 1B1.13's substantive guidance on compassionate release. There is also no reason to believe that Congress intended to effectuate, through the First Step Act, the implementation of multiple, varying standards for courts' consideration of compassionate-release motions under Section 3582(c)(1)(A): one text-bound standard for BOP-filed motions and a myriad of differing standards for defendant-filed motions to be developed and applied on a case-by-case basis by district courts across the country. *See Conyers*, 2020 WL 7480695, at *4–7.

Because the language of the statutes at issue is unambiguous and provides no basis to nullify entirely or in part the application of Section 1B1.13's substantive criteria to Section 3582(c)(1)(A) motions, the Court concludes that Section 1B1.13 provides the Sentencing Commission's "applicable" policy statement concerning the standard to be applied in evaluating whether "extraordinary and compelling reasons" support a sentence reduction. *See id.* Likewise, the Court remains bound by Fifth Circuit precedent confirming that the Sentencing Commission's policy statements are binding in Section 3582(c) proceedings. *See Garcia*, 655 F.3d at 435 ("If a sentence reduction is inconsistent with a policy statement, it would violate § 3582(c)'s directive, so policy statements must be binding.").

For these reasons, the Court will adhere to the controlling text of Section 3582, together with Supreme Court and Fifth Circuit precedent, confirming that any

proposed sentence reduction under Section 3582(c)(1)(A) must be consistent with applicable policy statements issued by the Sentencing Commission.

### C. Fournier's Motion Must Be Dismissed for Lack of Jurisdiction.

Because Fournier's motion for compassionate release fails to meet the requirements of Section 3582(c)(1)(A), it must be dismissed for lack of jurisdiction. It is well-settled in the Fifth Circuit that 18 U.S.C. § 3582 sets out the limited instances in which a district court has jurisdiction to modify a term of imprisonment. *See, e.g.*, *United States v. Garcia*, 606 F.3d 209, 212 n.5 (5th Cir. 2010) (per curiam) (citing *United States v. Bridges*, 116 F.3d 1110, 1112 (5th Cir. 1997)) ("The district court's jurisdiction to correct or modify a defendant's sentence is limited to those specific circumstances enumerated by Congress in 18 U.S.C. § 3582."); *United States v. Marion*, 79 F.App'x 46, 46 (5th Cir. 2003) (per curiam) (citing *United States v. Early*, 27 F.3d 140, 142 (5th Cir. 1994)) (stating that "Section 3582(c) limits sentence modification only to certain narrow circumstances, none of which are applicable in Marion's case," and dismissing the motion because it was "unauthorized and without a jurisdictional basis"). In a line of cases spanning over two decades, circuit case law has repeatedly reaffirmed that Section 3582 provides a limited grant of jurisdiction for a district court to modify a term of imprisonment.[5] *See, e.g.*, *United States v. Rene*,

---

[5] The Fifth Circuit recently held that Section 3582(c)(1)(A)'s requirement that a defendant exhaust administrative remedies with the BOP before filing a compassionate-release motion in federal court is "a nonjurisdictional claim-processing rule." *United States v. Franco*, 973 F.3d 465, 467–68 (5th Cir. 2020). However, *Franco* does not evince a departure from the decades of precedent holding that Section 3582's substantive requirements are jurisdictional.

15

785 F.App'x 240, 240–41 (5th Cir. 2019) (per curiam); *Bridges*, 116 F.3d at 1112. Because these cases speak in terms of Section 3582 as a whole, it follows that Section 3582(c)(1)(A), and the limitations within, circumscribe the Court's jurisdiction.

Under the rule of finality, "[f]ederal courts are forbidden, as a general matter, to 'modify a term of imprisonment once it has been imposed.'" *Freeman v. United States*, 564 U.S. 522, 526, 131 S.Ct. 2685, 180 L.Ed.2d 519 (2011) (plurality op.) (citing 18 U.S.C. § 3582(c)); *see also Dillon*, 560 U.S. at 819 (same). This limitation on federal courts' power is confirmed in the text of Section 3582. *See* 18 U.S.C. § 3582(c) (stating that, subject to certain exceptions, a court "may not modify a term of imprisonment once it has been imposed").

This "rule of finality is subject to a few narrow exceptions." *Freeman*, 564 U.S. at 526. Section 3582 provides such exceptions, including an exception allowing the Director of the BOP, or a defendant who has fully exhausted all administrative remedies, to move for a modification of the defendant's imprisonment term based on the existence of "extraordinary and compelling reasons" warranting a reduction of the defendant's sentence. *See* 18 U.S.C. § 3582(c)(1)(A)(i).[6] If the text of an applicable exception is met, Section 3582 provides that the case falls within the district court's adjudicatory authority to modify the defendant's term of imprisonment. If the text of an applicable exception is not met, there is no jurisdictional basis for the court to

---

[6] Beyond Section 3582, there are additional, limited exceptions to the finality rule. For example, Federal Rule of Criminal Procedure 35(a) authorizes a district court to "correct a sentence that resulted from arithmetical, technical, or other clear error," and Rule 35(b) authorizes a district court to "reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person."

16

modify the term of imprisonment given the longstanding, strict application of the finality rule. Thus, the exceptions set forth in the text of Section 3582 serve to create jurisdiction to modify a defendant's term of imprisonment where no jurisdiction would otherwise exist under the finality rule.

Here, because Fournier has failed to meet the controlling requirements for compassionate release set forth in Section 3582(c)(1)(A), her motion for compassionate release must be dismissed for lack of jurisdiction.

### III. Conclusion

For the foregoing reasons, it is **ORDERED** that Defendant Maranda Nichole Fournier's Motion for Emergency Compassionate Release, (Dkt. #161), is **DISMISSED for lack of jurisdiction**.

**So ORDERED and SIGNED this 8th day of January, 2021.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE