IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § § | CRIMINAL NO. 4:12-CR-276-SDJ-KPJ-4 |
| MARANDA NICHOLE FOURNIER (4) | § § § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is the Government's request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on January 3, 2024, to determine whether Defendant violated her supervised release. Defendant was represented by Federal Public Defender Brian O'Shea. The Government was represented by Assistant United States Attorney Glenn Roque-Jackson.

On August 21, 2014, United States District Judge Richard A. Schell sentenced Defendant to a term of one hundred and fifty-one (151) months imprisonment, followed by five (5) years of supervised release. *See* Dkt. 179 at 1. On September 30, 2022, Defendant completed her term of imprisonment and began serving the term of supervision. *See id.*

On October 27, 2023, the U.S. Probation Officer filed the Petition for Warrant or Summons for Offender Under Supervision (the "Petition") (Dkt. 179), alleging Defendant violated nine conditions of supervised release. *See id.* at 1–3. The Petition asserts Defendant violated the following conditions of supervision: (1) Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of U.S. Probation office, until such time as Defendant is released from the program by the probation officer; (2) Defendant shall refrain

1

from any unlawful use of a controlled substance; (3) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; (4) Defendant shall not leave the judicial district without the permission of the Court or probation officer; (5) Defendant shall notify the probation officer at least ten days prior to any change in residence or employment; (6) Defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer; (7) Defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons; (8) under the guidance and direction of the U.S. Probation Office, Defendant shall participate in any combination of psychiatric, psychological, or mental health treatment as deemed appropriate by the treatment provider; and (9) Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of U.S. Probation office, until such time as the defendant is released from the program by the probation officer. *Id.*

The Petition asserts Defendant violated the foregoing conditions as follows:

(1) On February 22, 2023, Defendant was notified via text message by her U.S. Probation Officer in the Western District of Texas that she is required to submit a urine drug test at A&D Testing in Killeen, Texas, on February 23, 2023. Defendant failed to submit the drug test.

(2–3) On September 6, 2023, Defendant submitted a urine specimen at the U.S. Probation Office which was positive for marijuana. This was confirmed positive by Abbot/Alere Toxicology.

(4) On February 22, 2023, Defendant traveled to New Mexico without permission of the U.S. Probation Officer. Additionally, she traveled to Galveston, Texas without securing adequate accommodations and failed to provide the U.S. Probation Officer in the Western District of Texas with her temporary address.

(5) On February 22, 2023, the U.S. Probation Office was advised by Defendant's father that she no longer resided at his residence, and she terminated her employment. Defendant failed to notify the U.S. Probation Office of her change in residence or employment.

    On June 17, 2023, Defendant notified the U.S. Probation Office in the Eastern District of Texas via text message that she had moved to Emporia, Kansas to reside with her brother because her common-law-husband had a job interview. Defendant traveled to and moved to Kansas without permission of the U.S. Probation Officer.

    On September 19, 2023, Defendant notified the U.S. Probation Office that she moved to Galveston, Texas. On October 13, 2023, the U.S. Probation Office in the Southern District of Texas attempted to contact Defendant via phone with no return phone call from her. October 16, 2023, a pre-transfer home visit was conducted at the motel listed by Defendant as her residence. The room appeared to be vacant as observed via the open window and no contact was able to be made with her.

(6) Defendant lied to the U.S. Probation Officer regarding her travel to Galveston, Texas without a place to reside, her travel to New Mexico, and her failure to return to Killeen, Texas as instructed in February 2023.

    Defendant lied to the U.S. Probation Office regarding her residence and whereabouts in October 2023 as evidenced by an officer attempting a home visit at her reported address in Galveston only to find the place to be vacant.

(7) Defendant has failed to maintain employment since June 2023.

(8) On March 31, 2023, Defendant was referred to Fletcher Counseling, in Plano, Texas for mental health and substance abuse evaluations. Defendant scheduled and rescheduled her evaluations numerous times and failed to attend on April 29, 2023.

(9) Defendant has failed to participate in substance abuse and mental health counseling with Fletcher Counseling and Lifepath Systems.

On January 3, 2024, the Court conducted a final revocation hearing on the Petition. *See* Minute Entry for January 3, 2024. Defendant entered a plea of true to allegations one through nine, consented to revocation of her supervised release, and waived her right to object to the proposed findings and recommendations of the undersigned. *See id.*; Dkt 188. The Court finds Defendant violated the terms of her supervised release, and thus, her supervised release should be revoked.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, and having considered the arguments presented at the January 3, 2024, hearing, the Court recommends that Defendant be sentenced to

a term of imprisonment of six (6) months, with forty-eight (48) months of supervised release to follow under the previous conditions of supervised release.

**So ORDERED and SIGNED this 4th day of January, 2024.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE