**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:12-CR-00276-SDJ-BD |
| | § | |
| MARANDA NICHOLE FOURNIER (4) | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Now before the court is the request for revocation of Defendant Maranda Nichole Fournier's ("Defendant") supervised release. After the District Judge referred the matter to this court for a report and recommendation, the court conducted a hearing on June 29, 2026, to determine whether Defendant violated her supervised release. Defendant was represented by Philip Ray. The Government was represented by David Rehfuss.

Defendant was sentenced on August 21, 2014, before The Honorable Richard A. Schell of the Eastern District of Texas after pleading guilty to the offense of Conspiracy to Manufacture, Distribute, or Possess with Intent to Manufacture or Distribute 28 Grams or More of Cocaine Base, a Class B felony. This offense carried a statutory maximum imprisonment term of 40 years. The guideline imprisonment range, based on a total offense level of 33 and a criminal history category of IV, was 188 to 235 months. Defendant was subsequently sentenced to 151 months imprisonment followed by a five-year term of supervised release subject to the standard conditions of release, plus special conditions to include submission of requested financial information, testing and treatment for drug abuse, mental health treatment, and a $100 special assessment. On September 30, 2022, Defendant completed her period of imprisonment and began service of the supervision term. On September 23, 2020, this case was reassigned to the Honorable Sean D. Jordan, U.S. District Judge for the Eastern District of Texas. On February 6, 2024, Defendants's term of

supervised release was revoked for her use of marijuana, traveling without permission, failing to notify probation of her change of residence, being untruthful with probation, failing to maintain employment, and failing to attend substance abuse and mental health treatment programs. Defendant was sentenced to 6 months imprisonment followed by 48 months of supervised release. She began her second term of supervised release on June 7, 2024.

On May 4, 2026, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision (Dkt. #213, Sealed). The Petition asserts that Defendant violated seven (7) conditions of supervision, as follows: (1) Mandatory Condition Defendant must refrain from any unlawful use of a controlled substance; (2) Special Condition Defendant must participate in a program of testing and treatment for drug abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise Defendant's participation in the program. Defendant must pay any cost associated with treatment and testing; (3) Special Condition Defendant must participate in any combination of psychiatric, psychological, or mental health treatment programs, and follow the rules and regulations of that program, until discharged. This includes taking any mental health medication as prescribed by Defendant's treating physician. The probation officer, in consultation with the treatment provider, will supervise Defendant's participation in the program; (4) Special Condition Defendant must take all mental health medications that are prescribed by Defendant's treating physician. Defendant must pay the costs of the medications; (5) Standard Condition Defendant must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses her from doing so. If Defendant does not have full-time employment, she must try to find full-time employment, unless the probation officer excuses her from doing so. If Defendant plans to change where she works or anything about her work (such as her position or

her job responsibilities), she must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, Defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change; (6) Standard Condition Defendant must not communicate or interact with someone she knows is engaged in criminal activity. If Defendant knows someone has been convicted of a felony, she must not knowingly communicate or interact with that person without first getting the permission of the probation officer; and (7) Standard Condition If Defendant is arrested or questioned by a law enforcement officer, she must notify the probation officer within 72 hours. (Dkt. #213 at pp. 1–4, Sealed).

The Petition alleges that Defendant committed the following acts: (1) On July 26, 2024, Defendant submitted a urine specimen at NOC Counseling Services in McKinney, Texas, which was positive for methamphetamine. The specimen was confirmed to be positive for D-Methamphetamine 94% by Alere Toxicology Services. On August 26, 2024, Defendant submitted a urine specimen at NOC Counseling Services in McKinney, Texas, which was positive for methamphetamine. The specimen was confirmed to be positive for D-Methamphetamine 94% by Alere Toxicology Services. On September 10, 2024, Defendant submitted a urine specimen at the U.S. Probation Office in Plano, Texas that was positive for methamphetamine. This specimen was confirmed positive for D-Methamphetamine 94% by Alere Toxicology Services. On February 18, 2026, Defendant submitted a urine specimen at the U.S. Probation Office in Plano, Texas that was positive for methamphetamine. This specimen was confirmed positive for D-Methamphetamine 97% by Alere Toxicology Services. On March 3, 2026, Defendant admitted in writing to the use of methamphetamine. On April 14, 2026, Defendant submitted a urine specimen at the U.S. Probation Office in Plano, Texas that was positive for Fentanyl. This specimen was confirmed

positive for Fentanyl by Alere Toxicology Services. On April 16, 2026, Defendant submitted a urine specimen at Bluestar Testing in Plano, Texas that was positive for methamphetamine. This specimen was confirmed positive for D-Methamphetamine 97% by Alere Toxicology Services; (2) Defendant failed to submit a random drug test at the U.S. Probation Office in Plano, Texas on June 26 and July 9, 2024. Defendant failed to submit a random drug test at Bluestar Testing, Plano, Texas on April 13, 2026, as part of the U.S. Probation Office's random drug testing program. Defendant failed to attend substance abuse counseling at Fletcher Counseling in Plano, Texas on December 5, 2024, November 10, 2025, and April 9 and April 30, 2026; (3) Defendant failed to attend mental health counseling at Fletcher Counseling in Plano, Texas on December 5, 2024, November 10, 2025, and April 9 and April 30, 2026; (4) During her term of supervised release, Defendant failed to take her mental health medication; (5) During her term of supervised release, Defendant failed to maintain employment; (6) On April 29, 2026, the U.S. Probation office was notified by the Dallas, Texas Police Department that Defendant had contact with law enforcement. They advised that "Maranda was detained when we conducted a surround and call out on a hotel room while assisting the Howe, Texas Police Department. Maranda was hanging out with suspects in an Aggravated Robbery that had occurred 12 hours earlier in the city of Howe, Texas, and she was seen unloading items from a vehicle used in the robbery that had been stolen in the city of Dallas, Texas. Ultimately, she was released after the investigation showed that she was not involved in the robbery"; and (7) On April 29, 2026, Defendant had contact with the Dallas, Texas Police Department. As of May 4, 2026, Defendant had failed to notify the probation officer of the contact. (Dkt. #213 at pp. 1–4, Sealed).

Prior to the Government putting on its case at the final revocation hearing, Defendant entered a plea of true to allegations 1 through 7 in the Petition. Having considered the Petition and

the plea of true to allegations 1 through 7, the court finds that Defendant did violate her conditions of supervised release.

Defendant waived her right to allocute before the District Judge and her right to object to the report and recommendation of this court.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, the court recommends that Defendant's supervised release be revoked and that she be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of twelve (12) months and one (1) day with no term of supervised release to follow.

The court finally recommends that Defendant be housed in a Bureau of Prisons facility in Fort Worth, Texas, if appropriate.

**SIGNED this 20th day of July, 2026.**

Aileen Goldman Durrett

AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE